IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES WESTERBY | § | |
| VS. | § | CIVIL ACTION NO. 1:14-CV-345 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION

Petitioner Charles Westerby, a prisoner previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Procedural History

Petitioner is in custody pursuant to a judgment entered in the 251st Judicial District Court of Potter County, Texas. On May 17, 1985, petitioner pleaded guilty to aggravated sexual assault. The court deferred adjudication and placed petitioner on community supervision for ten years. On March 1, 1991, petitioner's community supervision was revoked, and he was sentenced to sixty years of imprisonment.

This petition does not concern petitioner's conviction or sentence. Rather, petitioner alleges his constitutional rights were violated when TDCJ forfeited 180 days of petitioner's good time credits pursuant to Texas Government Code § 408.0045 for filing frivolous lawsuits.

Analysis

As a prerequisite to obtaining relief under § 2254, a prisoner must exhaust all remedies available in the state system before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)

and (c). A prisoner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

As required by Texas Government Code § 501.0081(a), the Texas Department of Criminal Justice developed a system for resolving complaints by inmates who complain that their time has not been properly credited. To exhaust a time credit issue, an inmate must first submit an Offender Time Credit Dispute Resolution Form to the Classification and Records Office, and then present his claims to the Texas Court of Criminal Appeals by filing a state habeas application. Texas Department of Criminal Justice, *Offender Orientation Handbook* (Revised, November 2004). An inmate may not file a state habeas application complaining about time credit unless the inmate has received a response from the department, is within 180 days of release, or does not receive a response within 180 days after filing the complaint. *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); TEX. GOV'T CODE § 501.0081(b).

The record reflects that petitioner did not file an Offender Time Credit Dispute Resolution Form complaining about the forfeiture of his good time for filing frivolous lawsuits. Although petitioner attempted to file a state habeas application raising that issue, it was dismissed because petitioner did not follow the proper procedure. Because petitioner did not present his claims to the

2

Texas Court of Criminal Appeals in a procedurally correct manner, he has not exhausted state court remedies. Therefore, this petition for writ of habeas corpus should be dismissed.

## Certificate of Appealability

In this case, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions

presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

## Conclusion

Fort the reasons set forth above, this petition for writ of habeas corpus will be dismissed. A certificate of appealability will not be issued. A final judgment will be entered in accordance with this memorandum opinion.

**SIGNED** this the 23 day of **August, 2017.**

_____
Thad Heartfield
United States District Judge